## <u>STATEMENT OF OFFENSE</u>

On February 26, 2026, at approximately 6:15 PM, members of the Metropolitan Police Department ("MPD") were patrolling the 3800 Block of Minnesota Avenue NE, Washington, D.C. with members of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Homeland Security Investigations ("HSI"), and the Federal Bureau Investigation ("FBI").

While patrolling, members observed a heavily tinted four-door Toyota Avalon sedan bearing Virginia Tag ▮▮▮▮▮ already stopped at the Citgo gas station located at 3820 Minnesota Avenue NE. Members approached the vehicle and observed Defendant Dayvon MARSON (DOB: ▮▮▮▮▮) in the driver's seat and a young child in the rear-passenger seat; there were no other occupants. MARSON provided an identification card, but stated that he did not have a driver's license. A query later revealed that MARSON in fact does not have a valid driver's license.

While speaking with MARSON, MPD Officer Corporan observed in plain view a half-empty bottle of tequila on the floor behind the driver's seat. MPD Officer Banjoko then ordered MARSON to step out of the vehicle. MARSON refused to do so, which prompted ATF Special Agent Fields to open the driver's door and order MARSON to step out of the vehicle. MARSON again refused to comply. MARSON then put the transmission in "drive" and stepped on the accelerator, causing the vehicle to jolt forward; the squealing of the tires was audible. SA Fields, who had been standing in between the open driver's door and the driver's seat, hung on to the driver's door as the vehicle jolted forward. The vehicle dragged SA Fields several feet, before colliding with another parked vehicle in the gas station parking lot, as shown below.



As a result of MARSON's conduct, SA Fields experienced discomfort in his back.

After a brief struggle, members were able to restrain MARSON and step him out of the vehicle.  When they did so, members observed a brown P90 handgun with no serial number laying on the driver's seat on which MARSON had been sitting, as shown below.



The firearm was loaded with one round of ammunition in the chamber and twelve rounds in the magazine.  There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the recovered ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

Members confirmed that MARSON did not have a valid license to carry a pistol or to possess ammunition in the District of Columbia.  Additionally, it is not possible to register this particular firearm in the District of Columbia because it does not have a serial number.

Search incident to arrest, members recovered eleven multi-colored pills in a clear plastic bag from MARSON's socks.  The pills were field-tested and yielded a positive indication for amphetamines.



At the time of this offense, MARSON had been previously convicted of a crime punishable by a term of incarceration greater than one year.  More specifically, on December 15, 2021, MARSON was convicted of Concealed Weapon (Carry) in Arlington Case No. GC20004125-00. Additionally, on July 24, 2023, MARSON was convicted of Carrying a Pistol Without a License in D.C. Superior Court Case No. 2021 CF2 002774.

As such, your affiant submits that probable cause exists to charge Dayvon MARSON (DOB: █████████) with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition, and with a violation of 22 D.C. Code § 4503(a)(1), which makes it a crime for a convicted felon to possess a firearm.

Respectfully submitted,

_____
Moshood Banjoko
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on February 27, 2026.

_____
HONORABLE MATTHEW J SHARBAUGH
UNITED STATES MAGISTRATE JUDGE